## IN THE COURT OF APPEALS OF IOWA

No. 18-0947
Filed August 1, 2018

**IN THE INTEREST OF M.D., K.T, G.A., E.A., & S.A.,**
**Minor Children,**

**K.A., Mother,**
　　　　Appellant.

_____

Appeal from the Iowa District Court for Ida County, Patrick H. Tott, Judge.


A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**


Robert B. Deck of Deck Law PLC, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant
Attorney General, for appellee State.

Lesley D. Rynell, Public Defender, Sioux City, guardian ad litem for minor
children.


Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her children. She does not dispute the State proved the grounds for termination. Instead, she argues the juvenile court abused its discretion by refusing to continue the termination hearing and violated her procedural due process rights by restricting her telephonic participation in the hearing to her own testimony.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We review the denial of a motion for a continuance under an abuse-of-discretion standard. *See In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996). We reverse only if the denial of the motion to continue was unreasonable under the circumstances and injustice will result to the party requesting the continuance. *See id.*

The mother moved to continue the termination hearing because she was incarcerated and unable to attend the hearing in person. The court denied the motion, finding "a delay in the determination of permanency for the children would not be in the children's best interests." Because "[a] sense of urgency exists in termination cases due to the importance of stability in a child's life," *id.*, the juvenile court did not abuse its discretion in denying the mother's motion to continue the termination hearing.

As an alternative to continuing the termination hearing, the mother requested to take part in the hearing telephonically. The court granted the mother's request "for purposes of providing her own testimony and cross examination" and allowed her "to testify after the other parties have presented their case's in chief so that her counsel can advise her of the nature of the evidence

presented at the trial prior to her testimony." The mother's attorney was present at the termination hearing. The mother was not on the phone to hear the evidence presented by the State and the father at the hearing. After the State rested and after the father testified, a recess was taken. The mother was called and she testified telephonically. At the end of her testimony, she was allowed to speak briefly with her attorney. The call was ended and the parties proceeded with closing arguments.

On appeal, the mother claims that by being prohibited from being on the telephone during the entire termination hearing she was denied her the right to confront witnesses, to assist her attorney with the cross-examination of witnesses, and to know the evidence presented against her. The procedure followed in this case was "good enough" under our precedent. *See In re K.M.*, No. 16-0795, 2016 WL 4379375, at *4 n.3 (Iowa Ct. App. Aug. 17, 2016) (collecting cases and citing *In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991) (holding the juvenile court afforded a parent due process if given notice of the proceedings, represented by counsel who is present at the proceedings, and afforded the opportunity to present testimony—by deposition)), *further review denied* (Sept. 8, 2016). In *In re K.M.* we said:

> Just because the process employed here was good enough does not make it right. We note that the due process requirements outlined in our prior cases are a floor, not a ceiling. Although the court was not required to permit the mother to remain on the telephone during the proceedings, we see ample reasons why an incarcerated parent should be permitted to do so. If a witness is providing untruthful or biased testimony about an interaction with the parent, it is the parent who is in the best position to recognize it. Hearing the evidence as it comes in—either in person or telephonically—provides a parent with the opportunity to confer with counsel and potentially offer points of rebuttal to that evidence.

We see no reason for the denial of the mother's participation in the termination hearing—nor was any articulated by the court. Certainly, the court must be allowed to run its own courtroom as it sees fit, and if the mother was disruptive during the proceedings, the court could have denied her continued participation. But where . . . no reason was shown to preclude her participation in the entire hearing, the better practice would have been to allow it. Just because a parent's participation is not constitutionally required does not mean it should be denied without reason.

*Id.* We have said, "The better practice, however, would be to allow parental participation when requested and feasible." *In re N.W.*, No.12-1233, 2012 WL 3860661, at *1 n.1 (Iowa Ct. App. Sept. 6, 2012). The State acknowledges this would be the better practice. But, because the procedure utilized here was good enough to meet minimum due process requirements, we affirm.

**AFFIRMED.**